FILED
United States Court of Appeals
Tenth Circuit

April 23, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

EARL CROWNHART,

          Petitioner–Appellant,

v.

LARRY REID, Warden; JOHN
SUTHERS, Attorney General of the
State of Colorado,

          Respondents–Appellees.

No. 09-1028
(D.C. No. 1:08-CV-02284-ZLW)
(D. Colo.)

ORDER DENYING
CERTIFICATE OF APPEALABILITY

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Earl Crownhart, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.[1] We deny a COA, deny the motion to proceed in forma pauperis, and dismiss the appeal.

Crownhart pleaded guilty to felony menacing in Colorado state court on May 25, 2006. He was originally placed on probation but later violated that

---

[1] Due to his pro se status, we liberally construe Crownhart's application for a COA. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

probation and was sentenced to a term of imprisonment. Crownhart did not directly appeal his conviction or sentence. He then filed several postconviction motions in the state district court, each of which was denied and none of which was successfully appealed. On April 4, 2008, Crownhart filed a 28 U.S.C. § 2241 habeas petition in the U.S. District Court for the District of Colorado, challenging a parole determination arising from his confinement on the May 25, 2006 menacing conviction. Before the district court decided that petition, Crownhart attempted to file an appeal in this court, which was dismissed for lack of jurisdiction, as it was not an appeal from a final order as required by § 1291. Crownhart v. Reid, No. 08-1285, slip op. at 1-2 (10th Cir. Aug. 20, 2008) (unpublished order dismissing for lack of jurisdiction). Crownhart's § 2241 petition remains before the district court, which has not yet issued a final order.

On October 7, 2008, Crownhart filed the present § 2254 habeas petition in the same federal district court. When asked to identify the conviction under attack, he listed the May 25, 2006 menacing conviction. However, to the extent the petition is intelligible, Crownhart claims only that this court's August 20, 2008 order dismissing his premature appeal in the § 2241 matter violated his constitutional due process rights. The district court dismissed the petition, and Crownhart now seeks to appeal.

Because the district court denied his habeas petition and he did not obtain a COA from that court, Crownhart may not appeal the district court's decision

absent a grant of a COA by this court. § 2253(c)(1)(A). To obtain a COA, Crownhart must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as it did here, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We agree with the district court's procedural ruling that it lacked jurisdiction over Crownhart's petition.

A § 2254 petition may be used only to attack the validity of a state conviction or sentence. Walck v. Edmondson, 472 F.3d 1227, 1234 (10th Cir. 2007). Crownhart's petition, despite its reference to the March 25, 2006 menacing conviction, does not challenge that underlying conviction or the sentence imposed. Rather, it seeks to challenge the constitutionality of this court's dismissal of his premature appeal from his earlier § 2241 petition. These claims do not implicate "the judgement of a State court." § 2254(a). A challenge to our dismissal of his prior appeal is not cognizable on a petition for federal habeas relief, which only extends to challenges to an inmate's conviction, his sentence, or the execution of that sentence. See Montez v. McKinna, 208 F.3d

- 3 -

862, 865 (10th Cir. 2000). Accordingly, the district court had no jurisdiction over Crownhart's petition.

We **DENY** a COA, **DENY** the motion to proceed in forma pauperis, and **DISMISS** the appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge